IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

# CASE NUMBER 22-11001

UNITED STATES OF AMERICA,
*PLAINTIFF-APPELLEE.*,

V.

KYLE LAMAR WEST
*DEFENDANT-APPELLANT.*

ON DIRECT APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

## APPELLANT'S INITIAL BRIEF

JASON D. HAWKINS
FEDERAL PUBLIC DEFENDER

J. MATTHEW WRIGHT
ASSISTANT FEDERAL PUBLIC DEFENDER
500 South Taylor Street
Suite 110
Amarillo, Texas 79101
(806) 324-2370
Matthew_Wright@fd.org

Counsel for Appellant

## Certificate of Interested Persons
### *United States v. Kyle Lamar West,* Case No. 22-11001

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir. R. 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Appellant:            Kyle Lamar West

Defense Counsel:      Federal Public Defender for the Northern District of Texas
                      J. Matthew Wright
                      David E. Sloan

Prosecutors:          U.S. Attorney for the Northern District of Texas
                      Calandra Woolam
                      Brian McKay
                      Leigha A. Simonton

District Judge:       Hon. James Wesley Hendrix

Magistrate Judges:    Hon. D. Gordon Bryant, Jr.

*/s/ J. Matthew Wright*
Counsel for Appellant

## Statement Regarding Oral Argument

Appellant does not request oral argument. The error described in this brief is plain enough that argument should not be necessary.

# Table of Contents

Certificate of Interested Persons ...................................................................ii

Statement Regarding Oral Argument ..........................................................iii

Table of Authorities...................................................................................vi

Jurisdictional Statement ............................................................................ 1

Issues Presented for Review .......................................................................... 1

Statement of the Case................................................................................. 1

Summary of the Argument........................................................................ 5

Argument ................................................................................................. 6

I. The district court plainly and reversibly erred when it ordered Mr. West to pay $3,000 in restitution on each count. ............................................ 6

    A. The standard of review is plain error. ............................................ 6

    B. The district court erred. ............................................................... 7

        1. No mandatory minimum restitution applied. ............................. 8

        2. The government did not provide proof of compensable losses. ............... 10

        3. The statute sets an aggregate minimum, not a per-count minimum. ....... 10

    C. The error is plain, affects substantial rights, and seriously affects the fairness, integrity, and public reputation of judicial proceedings. ................11

II. The appeal waiver does not bar this claim. ....................................... 12

    A. The standard of review is de novo.................................................... 12

    B. An unsupported restitution order exceeds the statutory maximum and is an "illegal sentence." ........................................................... 13

C. The parties agreed that no mandatory minimum applied to the restitution order. ..........................................................................14

Conclusion ...............................................................................................15

Certificate of Service ..............................................................................16

Certificate of Compliance .......................................................................16

# Table of Authorities

## Cases

*Paroline v. United States,*
    572 U.S. 434 (2014) ....................................................................... 8, 10

*United States States v. Maturin,*
    488 F.3d 657 (5th Cir.2007) ............................................................ 6, 12

*United States v. Austin,*
    479 F.3d 363 (5th Cir.2007) .......................................................... 11, 12

*United States v. Bagley,*
    578 F. App'x 343 (5th Cir. 2014) ......................................................... 11

*United States v. Benns,*
    740 F.3d 370 (5th Cir. 2014) ............................................................... 12

*United States v. Bevon,*
    602 F. App'x 147 (5th Cir. 2015) (unpublished) ................................... 7

*United States v. Beydoun,*
    469 F.3d 102 (5th Cir. 2006) ............................................................... 11

*United States v. Chem. & Metal Indus., Inc.,*
    677 F.3d 750 (5th Cir. 2012) ................................................... 10, 12, 13

*United States v. Frazier,*
    577 F. App'x 271 (5th Cir. 2014) ......................................................... 11

*United States v. Hankton,*
    51 F.4th 578 (5th Cir. 2022) ................................................................ 11

*United States v. Hudson,*
    483 F.3d 707 (10th Cir.2007) ............................................................. 13

*United States v. Inman,*
    411 F.3d 591 (5th Cir.2005) ......................................................... 11, 12

*United States v. Jimenez,*
    692 F. App'x 192 (5th Cir. 2017) .................................................9, 12

*United States v. Jones,*
    616 F. App'x 726 (5th Cir. 2015) .................................................7, 12

*United States v. Keele,*
    755 F.3d 752 (5th Cir. 2014).....................................................12, 13

*United States v. Leal,*
    933 F.3d 426 (5th Cir. 2019).....................................................12, 13

*United States v. Nolen,*
    472 F.3d 362 (5th Cir. 2006)............................................................7

*United States v. Norris,*
    217 F.3d 262 (5th Cir.2000)...........................................................10

*United States v. Olano,*
    507 U.S. 725 (1993) .........................................................................6

*United States v. Penn,*
    969 F.3d 450 (5th Cir. 2020)......................................................7, 12

*United States v. Winchel,*
    896 F.3d 387 (5th Cir. 2018) ..........................................................12

**Statutes**

18 U.S.C. § 2251(a)...................................................................1, 5, 8, 9

18 U.S.C. § 2259 ......................................................................8, 10, 13

18 U.S.C. § 2259(a) ............................................................................8

18 U.S.C. § 2259(b) ..........................................................................11

18 U.S.C. § 2259(b)(1) ........................................................................8

18 U.S.C. § 2259(b)(2) ................................................................4, 8, 9

18 U.S.C. § 2259(b)(2)(A) ..................................................................8

18 U.S.C. § 2259(b)(2)(B) ................................................................ 8

18 U.S.C. § 2259(b)(2)(A)–(C) ....................................................... 9

18 U.S.C. § 2259(c) ......................................................................... 7

18 U.S.C. § 2259(c)(3) ............................................................ 4, 5, 9

18 U.S.C. § 3664(f)(1)(A) ............................................................... 4

18 U.S.C. § 3231 ............................................................................. 1

18 U.S.C. § 3742 ........................................................................ 1, 2

28 U.S.C. § 1291 ........................................................................ 1, 2

28 U.S.C. § 2241 ............................................................................. 3

28 U.S.C. § 2255 ............................................................................. 3

**Rules**

Fed. R. App. P. 4(b)(1)(A) ............................................................... 1

Fed. R. Crim. P. 11(c)(1)(C) ........................................................ 14

## Jurisdictional Statement

The district court had original jurisdiction over this criminal prosecution pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. The district court entered judgment against Mr. West on September 28, 2022. ROA.62. On October 4, 2022, the court entered an amended judgment correcting a clerical error as to Mr. West's BOP register number. ROA.71. Mr. West filed a notice of appeal on October 10, 2022, which was within the 14 day deadline. ROA.80; *see* Fed. R. App. P. 4(b)(1)(A).

## Issues Presented for Review

1.     Whether district court reversibly erred in ordering $6,000 in restitution?

2.     Whether the waiver of appeal in Mr. West's plea agreement bars this appeal?

## Statement of the Case

On April 13, 2022, a federal grand jury charged Appellant Kyle Lamar West with seven counts of production of child pornography in violation of 18 U.S.C. § 2251(a). ROA.10–13. The indictment alleged that Mr. West persuaded the victim— who was a child and a close relative—

> to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct . . . knowing and having reason to know that such visual depiction would be transported and transmitted in interstate and foreign commerce, and which visual depiction was actually transported and transmitted using any

1

means and facility of interstate and foreign commerce and in and affecting commerce, and which visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

ROA.10.

Mr. West entered into a plea agreement with the Government. ROA.126–132. He agreed to plead guilty to Counts Six and Seven and to waive most appellate rights in exchange for the Government's promise to dismiss the remaining counts and decline any additional charges "based upon the conduct underlying and related to the defendant's plea of guilty." ROA.129–130.

The plea agreement contained several warnings about the minimum and maximum penalties that might result from the plea. The subparagraph on restitution is the one most salient here:

> 3. Sentence: The minimum and maximum penalties the Court can impose as to each count include . . .
>
> e. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone . . .

ROA.127. The agreement also contained a waiver of most appellate rights:

> 12. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further

2

waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

ROA.131–132.

At the same time, Mr. West signed a written stipulation of guilt admitting each of the elements of the offenses. ROA.134–139. Mr. West formally entered his guilty plea in front of a U.S. Magistrate Judge, ROA.86–108, who then issued a written report finding that the plea was knowing, intelligent, voluntary, and supported by an adequate factual basis. ROA.36–37. Mr. West did not object to the report, and the district court adopted the report's conclusions as its own and accepted the guilty plea. ROA.41.

The U.S. Probation Office prepared a Presentence Investigation Report. According to that document, Mr. West faced an advisory range of life in prison, reduced to the statutory maximum of 720 months total. ROA.151–163. The PSR contained a copy of a written victim impact statement from the victim's mother. ROA.150. (¶ 22). That statement described serious emotional trauma and also economic difficulties the victim and victim's mother suffered as a result of Mr. West's estrangement and incar-ceration. ROA.150. (¶ 22).

The victim did not request restitution:

> The victim's mother advised that the defendant is facing 60 years
> in prison, and she does not know how he will pay if he is in prison.
> However, she expressed her interest in placing both her children
> in counseling.

ROA.150. The PSR contains no estimate or analysis of the financial losses the victim

or victim's mother suffered.

The PSR contained just two other paragraphs relevant to restitution. The first

was a boilerplate paragraph under the heading "Analysis":

> 113. The loss amount is subject to the Mandatory Victims Res-
> titution Act of 1996. Pursuant to 18 U.S.C. § 3664(f)(1)(A), the
> Court shall order restitution to each victim in the full amount of
> each victim's loss as determined by the Court and without consid-
> eration of the economic circumstances of the defendant.

Later, under the heading "Restitution," the PSR erroneously reported that each count

required a mandatory minimum of $3,000 in restitution:

> 131. Statutory Provisions: Pursuant to 18 U.S.C. § 2259(c)(3),
> *this is a child pornography trafficking offense* and thus *restitution is man-*
> *datory as set forth in 18 U.S.C. § 2259(b)(2).* The court shall deter-
> mine the full amount of the victim's losses and shall order restitu-
> tion in an amount that reflects the defendant's relative role in the
> causal process that underlies the victim's losses, *but which is no less*
> *than $3,000.* Restitution is due and owing to the following victim:
>
> "Jane Doe"
> ($6,000)

ROA.165 (emphasis added). The PSR also suggested that the court make payment
of this amount of restitution a condition of supervised release. ROA.168 ¶ 9.

Mr. West did not object to the restitution recommendation or any other part of the PSR. His attorney explained that he had not identified any meritorious objections but did not intend to "relinquish the right to appellate review of objections not made." ROA.171. At sentencing, the district court adopted the PSR's "factual findings and legal conclusions" as its own. ROA.112. The court then sentenced Mr. West to 360 months on each count of conviction, consecutive, for an aggregate sentence of 720 months. ROA.121. The court also ordered him to pay $6,000 in restitution to the victim. ROA.123; *see* ROA.76. This timely appeal follows.

## Summary of the Argument

1.    The district court reversibly erred when it ordered Mr. West to pay $6,000 in restitution. The PSR mistakenly asserted that Mr. West's convictions under 18 U.S.C. § 2251(a) were "child pornography tracking offense[s]" for purposes of 18 U.S.C. § 2259(c)(3). Based on that erroneous classification, the court decided that $3,000 was the minimum restitution it could order on each count. ROA.165.

In fact, § 2251(a) is not a CP trafficking offense. Restitution was mandatory, but there was no mandatory minimum amount, and certainly not $3,000 per count. But without the statutory minimum, the court had no basis to order any restitution at all. There was no proof of the amount of financial loss suffered by the victim. The

error is plain, affected Mr. West's substantial rights, and seriously affects the fairness, integrity, and public reputation of judicial proceedings.

2.     This argument is not barred by the appellate waiver. Any restitution order that exceeds the victim's proven compensable losses is an illegal sentence and exceeds the statutory maximum. Aside from that, Mr. West's plea agreement (correctly) reported, and the parties stipulated, that no mandatory minimum restitution amount applied. ROA.127. By applying an unauthorized and undisclosed mandatory minimum, the PSR and the court exceeded the bounds set by the plea agreement.

## Argument

### I.  The district court plainly and reversibly erred when it ordered Mr. West to pay $3,000 in restitution on each count.

#### A. The standard of review is plain error.

Mr. West did not object to the PSR's musings about restitution, nor did he object to the district court's sentence of restitution. To prevail on appeal, he must show (1) an error that (2) is plain, (3) affects his substantial rights, and (4) seriously affects the fairness, integrity, and public reputation of judicial proceedings. *See*, e.g., *United States v. Olano*, 507 U.S. 725 (1993); *see also United States States v. Maturin*, 488 F.3d 657, 659–60 (5th Cir.2007) (Plain error is the standard when the defendant fails

"to object to either the amount of restitution recommended in the pre-sentence investigation report or the district court's restitution order."); *accord United States v. Jones*, 616 F. App'x 726, 727 (5th Cir. 2015).

Other authorities suggest that "plain error" review of a restitution order and de novo review are not all that different:

> Because a restitution order that exceeds the court's statutory authority is an illegal sentence, which always constitutes plain error, we review de novo the legality of a restitution order, regardless of whether the defendant raised this objection at sentencing.

*United States v. Penn*, 969 F.3d 450, 458 (5th Cir. 2020) (citing *United States v. Nolen*, 472 F.3d 362, 382 & n.52 (5th Cir. 2006), and *United States v. Bevon*, 602 F. App'x 147, 151 (5th Cir. 2015) (unpublished)).

## B. The district court erred.

After adopting the PSR's factual findings and legal conclusions," ROA.112, the district court ordered Mr. West to pay $3,000 on each count, and a total of $6,000, in restitution. ROA.123; ROA.77. The government presented no evidence that the victim suffered $6,000 in economic loss, and "no specific amount for restitution was requested by the child victim's mother." ROA.151. Even so, the court decided that 18 U.S.C. § 2259(c) required at least $3,000 "per count." ROA.151 ¶ 24; ROA.165 ¶ 131. This was wrong.

### 1. No mandatory minimum restitution applied.

Mr. West was convicted of two offenses under 18 U.S.C. § 2251(a), "production of child pornography." ROA.71. That statute is part of Chapter 110 of Title 18, so restitution is governed by 18 U.S.C. § 2259(a): "[T]he court shall order restitution for any offense under this chapter."

Section 2259 provides two different rules for calculating restitution. The default rule is nearly identical to other federal restitution statutes:

> Except as provided in paragraph (2), the order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses.

18 U.S.C. § 2259(b)(1). Under paragraph (b)(1), there is no mandatory minimum and no mechanism for allocating loss among numerous defendants.

Paragraph (b)(2) provides a different rule for defendants "convicted of trafficking in child pornography." 18 U.S.C. § 2259(b)(2). For that category of crimes, the district court first determines the total amount of the victim's compensable losses resulting from all trafficking in the victim's images. § 2259(b)(2)(A). Then, the court determines what portion of the total loss "reflects the defendant's relative role in the causal process that underlies the victim's losses, *but which is no less than $3,000.*" § 2259(b)(2)(B). This procedure codifies the Supreme Court's decision in *Paroline v. United States*, 572 U.S. 434, 448 (2014). Finally, the district court orders the defendant

8

to pay that lower amount, up to and until the victim's recovery equals "the full amount of the victim's demonstrated losses." 18 U.S.C. § 2259(b)(2)(A)–(C).

The PSR writer concluded that Mr. West had been convicted of "a child pornography trafficking offense" and that "restitution is mandatory as set forth in 18 U.S.C. § 2259(b)(2)." ROA.165 ¶ 131. The district court adopted that conclusion. ROA.112. That conclusion was wrong.

Section 2259(c)(3) lists the crimes that fall under that category, and § 2251(a) isn't one of them:

> (3) Trafficking in child pornography. For purposes of this section and section 2259A, the term "trafficking in child pornography" means conduct proscribed by section 2251(d), 2252, 2252A(a)(1) through (5), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of section 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b).

Mr. West was not "convicted" of any of those offenses, so he was not subject to § 2259(b)(2). His offense involved production of, but not trafficking in, CP. No mandatory minimum applied. That is a problem, because the mandatory minimum was the only basis for ordering $6,000 in compensable losses. ROA.151. The Court has previously recognized plain error where the district court erroneously viewed a CP victim's "requested restitution amount as being mandatory." *United States v. Jimenez*, 692 F. App'x 192, 202 (5th Cir. 2017). More importantly, without a mandatory minimum, there is no basis to award *any* restitution on this record.

## 2. The government did not provide proof of compensable losses.

For purposes of restitution, the "statutory maximum" is the total amount of the victim's demonstrated compensable losses proximately caused by the defendant's conduct. *Paroline*, 572 U.S. at 448 ("Restitution is therefore proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses."); *accord United States v. Chem. & Metal Indus., Inc.*, 677 F.3d 750, 752 (5th Cir. 2012) (citing *United States v. Norris*, 217 F.3d 262, 271–72 (5th Cir.2000)) ("The general rule is that the statute does not authorize a restitution order that exceeds the victim's losses.").

Even where it is obvious that a victim has suffered "loss" in the colloquial sense—physical or emotional harm—restitution is unlawful in the absence of *proof* of economic loss. The clearest application of that principle is *C&MI*, 677 F.3d at 752. In that case, the defendant's criminal negligence killed the victim. Death is the ultimate form of "loss" (in the colloquial sense). But because the government failed to present evidence of the *economic costs* of the victim's death, this Court reversed the restitution award in full and would not allow presentation of additional evidence on remand. *Id.* at 752–753. Proof of an *injury* or *harm* is not enough.

## 3. The statute sets an aggregate minimum, not a per-count minimum.

Even for true CP-trafficking crimes, the $3,000 mandatory minimum is *per defendant* and *per victim*, not *per count*. The statutory process mandates an aggregate view

of the victim's *total* losses from illegal trafficking in images and videos, and of the defendant's *personal* share of the blame for that harm. *See* 18 U.S.C. § 2259(b).

## C. The error is plain, affects substantial rights, and seriously affects the fairness, integrity, and public reputation of judicial proceedings.

The error in awarding restitution is plain, i.e., it is clear and obvious under existing statutory and decisional law. This Court has held numerous times in a variety of postures that the government must prove by a preponderance of the evidence the "amount of loss sustained by a victim," and that a restitution award that exceeds that proven amount is an illegal sentence. *United States v. Beydoun*, 469 F.3d 102, 107 (5th Cir. 2006); *United States v. Frazier*, 577 F. App'x 271, 274 (5th Cir. 2014). And the Court has also recognized the plainness of awarding unauthorized restitution. *See*, e.g., *United States v. Bagley*, 578 F. App'x 343, 344 (5th Cir. 2014); *United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005).

In the absence of the error, the district court would not have ordered $6,000 in restitution. "When a defendant is ordered to pay restitution in an amount greater than the loss caused, the error affects substantial rights as well as the fairness and integrity of the judicial proceeding." *United States v. Austin*, 479 F.3d 363, 373 (5th Cir. 2007).

The Court routinely reverses unlawful restitution sentences under plain error review. *See*, e.g., *United States v. Hankton*, 51 F.4th 578, 595 (5th Cir. 2022) (granting relief from an unlawful restitution order even where the defendant failed to raise the

issue in his initial brief); *Penn*, 969 F.3d at 468–69 (reversing an unlawful restitution order where there was no objection below); *United States v. Winchel*, 896 F.3d 387, 389–90 (5th Cir. 2018) (explaining why a restitution error satisfies the fourth prong of plain-error review); *United States v. Jimenez*, 692 F. App'x 192, 202 (5th Cir. 2017) (vacating an unlawful restitution order in a CP case); *United States v. Jones*, 616 F. App'x 726, 729 (5th Cir. 2015) (vacating restitution order under plain-error review); *United States v. Benns*, 740 F.3d 370, 378 (5th Cir. 2014) (discussing *Inman* and *Austin*); *C&MI*, 677 F.3d at 753 ("The government admits this record contains no evidence regarding the amount of pecuniary loss suffered by Henry's estate. Restitution therefore cannot be awarded."); *United States v. Maturin*, 488 F.3d 657, 663–64 (5th Cir. 2007) (holding that an error resulting in the overstatement of a restitution award affected substantial rights because it affected the outcome of the district court proceedings).

## II.   The appeal waiver does not bar this claim.

### A. The standard of review is de novo.

"This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Leal*, 933 F.3d 426, 430 (5th Cir. 2019) (quoting *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014)).

**B. An unsupported restitution order exceeds the statutory maximum and is an "illegal sentence."**

Though his plea agreement waived most appellate rights, Mr. West explicitly reserved the right "to bring a direct appeal of . . . a sentence exceeding the statutory maximum punishment." ROA.131. Where the government presented "no evidence regarding loss" in district court, any restitution order "exceeds the statutory maximum":

> C&MI contends that the restitution order exceeds the statutory maximum because there is no evidence regarding loss. Thus it argues it is appealing a "punishment in excess of the statutory maximum." . . . We agree.

*C&MI*, 677 F.3d at 752 (citing *United States v. Hudson*, 483 F.3d 707, 709–10 (10th Cir.2007)).

Even without an explicit preservation, this Court has held that appellate waivers *do not* waive the right to challenge an illegal restitution sentence. *United States v. Leal*, 933 F.3d 426, 431 (5th Cir. 2019) (appeal waiver does not bar a challenge to a CP restitution sentence under § 2259 "for losses not proximately caused by the defendant"); *Keele*, 755 F.3d at 754 ("[A]an 'in excess of the statutory maximum' challenge, if properly raised on appeal, would not be barred by an appeal waiver.").

## C. The parties agreed that no mandatory minimum applied to the restitution order.

There is another reason why the plea agreement's waiver-of-appeal does not bar this claim: the parties agreed, in the very same plea agreement, that no mandatory minimum applied to restitution. In Paragraph 3, the parties stipulated to the "minimum and maximum penalties the Court can impose as to each count." ROA.127. The stipulations about mandatory minimums included:

> the 15-year mandatory minimum prison term (subparagraph (a));
>
> the 5-year mandatory minimum supervised release term (subparagraph (b)); and
>
> an agreement that restitution "is mandatory under the law," along with an agreement by Mr. West that the restitution order "may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone" (subparagraph (e)).

ROA.127. The agreement does not mention any $3,000 mandatory minimum for restitution.

This should have precluded the district court from applying a $3,000-per-count mandatory minimum restitution order for two reasons. First, this language is an agreement by the Government and Mr. West that a particular sentencing range for restitution applies, which was binding on the district court when it accepted the plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(C). Second, even if Rule 11(c)(1)(C) did not apply,

the waiver-of-appeal provision (paragraph 12, ROA.131–132) followed the no-mandatory-minimum-restitution provision (paragraph 3(e), ROA.127). Either both paragraphs are binding or neither paragraph is binding.

## Conclusion

The Court should vacate the restitution order and the associated condition of supervised release. Alternatively, the Court should remand to the district court with instructions to delete the restitution order.

Respectfully submitted,

Jason D. Hawkins
Federal Public Defender for the
Northern District of Texas

*/s/ J. Matthew Wright*
Assistant Federal Public Defender
Texas Bar No. 24058188
500 South Taylor Street, Suite 110
Amarillo, Texas 79101
Telephone:  (806) 324-2370
Matthew_Wright@fd.org

*Attorneys for Mr. West*

## Certificate of Service

I filed this brief via the Court's ECF system on March 6, 2023. Opposing counsel, a registered filer, is deemed served.

/s/ J. Matthew Wright

## Certificate of Compliance

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(i) because the document contains 3,307 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Goudy Old Style font.

/s/ J. Matthew Wright